OMIA SINGLETON, WIDOW OF WILLIE SINGLETON, DECEASED, EMPLOYEE,
v. MODEL STEAM LAUNDRY COMPANY AND AMERICAN MUTUAL
LIABILITY INSURANCE COMPANY.

(Filed 3 May, 1933.)

APPEAL by plaintiff from *Sink, J.,* at February Special Term, 1933,
of MECKLENBURG. Affirmed.

*Uhlman S. Alexander and Ralph V. Kidd for plaintiff.*
*J. Laurence Jones for defendants.*

PER CURIAM. Willie Singleton, the deceased, a colored man, was em-
ployed by defendant, the Model Steam Laundry Company, and had been
working for it 5 or 6 years. He was 35 years old and was earning
$12.00 a week at the time of his death. He ran two extractors. They
wring the clothes out after being washed. At the time of his death, on
23 July, 1932, about one o'clock p.m., he was unloading some clothes
from one of the extractors and putting them in a truck. Plaintiff con-
tends that he was injured by a small lid falling, which struck him, and
that Singleton in falling struck his head against the washing machine
which made a cut in the back of his head about an inch and a quarter,
which bled some. That he died from concussion, cerebral hemorrhage
or cardiac failure. On the other hand, defendants contend that he had
serious heart trouble and died from that trouble, which was not caused
by any injury.

Whatever Willie Singleton died of, it is not disputed that he was a.
faithful employee and died at his post of duty.

The hearing Commissioner found: "The deceased did not suffer an
injury by accident arising out of and in the course of his employment
causing his death. The cause of the death was heart trouble."

On appeal of plaintiff to the full Commission, the finding of facts and
conclusions of law denying compensation by the hearing Commissioner
were sustained.

On appeal to the Superior Court, the following judgment was ren-
dered by the court below:

"Upon the hearing of this cause, it appearing to the court from the
record that the physician performing the autopsy did so within a few
hours after the death and within the presence of his employer and the
representative of the insurance company and without the permission or
consent of any member of the family of the deceased or of any one else
with power to give such permission:

The court further holds that the practice and manner of making this
autopsy was and is unwarranted, unlawful and without justification in

fact; the court is further of the opinion that the testimony upon which the Industrial Commission, of a necessity, relied in forming its conclusion, was incompetent insofar as it arose from the physician making the autopsy, and likewise from his testimony made from a report on X-ray pictures which he had not examined:

The court, however, is of the opinion that inasmuch as this testimony was not objected to in apt time, as shown by the record, the findings and conclusions of the Industrial Commission are binding upon this court, and therefore, this court affirms the rulings and judgment of said Industrial Commission."

The judgment of the court below insofar as it affects the rulings and judgment of the Industrial Commission is sustained. It has been so often held by this Court, that it is not necessary to cite authorities, that if there is sufficient competent evidence to sustain the findings of fact by the Industrial Commission that these findings of fact are conclusive on this Court, and on appeal will not be reviewed by this Court. The judgment of the court below is

Affirmed.